**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**RYAN THACKER, a minor,
by and through Deanna Thacker, his natural mother**                                    **PLAINTIFF**

**V.**                                                                                                                **CASE NO. 1:09CV46**

**PRENTISS COUNTY SCHOOL DISTRICT
TISHOMINGO COUNTY SCHOOL DISTRICT
ANN CARTRIGHT
JULIE MARSHALL
CARL WHITEHEAD
NICKY MARSHALL
JANICE HALL
ANNETTE BISHOP
MALCOLM KUYKENDALL**                                                                      **DEFENDANTS**

## ORDER DENYING TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

This cause comes before the court on the motion [2] of the plaintiff, Ryan Thacker, for a temporary restraining order or in the alternative for a preliminary injunction to require the Tishomingo County School System to accept him as a pupil.

Thacker is a six year old suffering from Asperger's Syndrome. He is currently enrolled in the Prentiss County School System, though Prentiss County has released Thacker to apply for admission in the Tishomingo County Schools. Thacker claims Tishomingo County denied him admittance to its schools because of his disability.

Thacker argued at a hearing that he lived in Tishomingo County and was thus entitled to attend schools within that district.[1]

---

[1] Thacker raises claims in his motion which were not argued before the court. Thacker argues he was not allowed to attend Tishomingo County Schools in violation of the Americans with Disabilities Act and the Rehabilitation Act. 42 U.S.C. §§ 12101; 12132; 29 U.S.C. § 794. These federal statutes give the court jurisdiction

The standard for issuing a temporary restraining order or a preliminary injunction is a clear showing by the plaintiff of: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that may result from an injunction; and, (4) that the injunction will not undermine the interest of the public. *Hull v. Quitman County Bd. of Educ.*, 1 F.3d 1450, 1453 (5th Cir. 1993) (citing *Roho, Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir. 1990)). The defendants were notified of the hearing and presented evidence in this matter. As such, the court will construe this motion as seeking a preliminary injunction.

The court first finds it is not substantially likely that Thacker will prevail on the merits that he is a resident of Tishomingo County. He offered a number of documents, including his mother's driver's license and vehicle registration, in order to prove his residency. The Tishomingo County School Board has a policy under which a student can prove residency by producing any two forms from a list of forms showing Tishomingo County residency. Among those listed forms are the two offered by Thacker.

Despite the forms presented by Thacker, the court finds that Thacker does not actually live in Tishomingo County. The Homestead Exemption form, submitted by the defendant, for Thacker's property lists his residence as being in Prentiss County. Further, evidence established that Thacker enrolled in the Prentiss County School System without being released from the Tishomingo County School System. A student cannot enroll in a school system in which they do not reside, absent a release from their home district. MISS. CODE ANN. § 37-15-31; *Tally v. Scott*

---

over this case. However, no proof has been submitted which would support finding a temporary restraining order or preliminary injunction should issue for these claims. Additionally, Thacker raises claims that he was denied his right to education as guaranteed by Mississippi law. MISS. CONST. Art. 8, Sec. 201; MISS. CODE ANN. § 37-1-2. Again, Thacker has offered no proof he is being denied the right to education. The proof to this point would tend to show Thacker is being offered the opportunity for public education in Prentiss County. It would be inappropriate to rule on these matters until more proof is put forward.

*County, Mississippi*, 282 So.2d 217, 221 (Miss. 1973). Finally, the court did not find credible the testimony of Deanna Thacker, Thacker's mother, that she lived in Tishomingo County.

The policy adopted by the Tishomingo School Board is designed to determine if students actually live within the county. It is not an invitation to game the system. Thus the more credible proof offered, i.e. the Homestead Exemption Application, clearly trumps the forms offered by Thacker on the residency issue. Thacker is not entitled to attend schools in a district where he does not live based upon the forms offered by his mother.

The court also finds no irreparable harm will occur if the injunction is not issued. While Thacker's mother is dissatisfied with the education her son is receiving in Prentiss County, proof has not been offered that Thacker is being denied his right to an adequate education. Mississippi law entitles Thacker to an education, but, it does not give him the unrestrained right to choose which public school to attend. MISS. CONST. Art. 8, Sec. 201; MISS. CODE ANN. § 37-1-2.

Agreement between the parties or litigation may allow Thacker to attend Tishomingo County Schools. At this juncture, however, that decision is not appropriate for the court's judgment. Thacker has the opportunity to get an education in Prentiss County. He must avail himself of that opportunity until this controversy is resolved.

The court further finds Thacker has not exhausted his administrative remedies. Section 37-15-31 requires a school board to decide whether or not to accept a transfer student. MISS. CODE ANN. § 37-15-31. As of yet, Thacker has not been giving a hearing before the Tishomingo County School Board.[2] Until Thacker has appeared at a hearing and appealed any unfavorable

---

[2] While this issue is not squarely before the court, Thacker does have a right to a hearing before the Tishomingo County School Board. Thacker has met the requirements to be entitled to a hearing and the Tishomingo County School Board must afford him that opportunity. MISS. CODE. ANN. § 37-15-31. The court heard argument that Tishomingo County has adopted a policy of not having hearings for students who do not request transfer before the June 15 prior to the start of the school year. The statute in question is clear that a student is entitled to a hearing

ruling, his claims are not ripe in this court.

Thacker's motion for a temporary restraining order or in the alternative for a preliminary injunction is DENIED.

This the 26th day of February, 2009.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

---

at the next board meeting following filing an application. MISS. CODE ANN. § 37-15-31. Nothing in section 37-15-31 grants authority to a school board to adopt a timing provision related to the granting of a hearing. As such Tishomingo County must allow Thacker the opportunity to appear and make his case.