IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**RYAN THACKER, a minor,**
**by and through Deanna Thacker, his natural mother**                          **PLAINTIFF**

**V.**                                                                          **CASE NO. 1:09CV46**

**PRENTISS COUNTY SCHOOL DISTRICT**
**TISHOMINGO COUNTY SCHOOL DISTRICT**
**ANN CARTRIGHT**
**JULIE MARSHALL**
**CARL WHITEHEAD**
**NICKY MARSHALL**
**JANICE HALL**
**ANNETTE BISHOP**
**MALCOLM KUYKENDALL**                                                          **DEFENDANTS**

## ORDER DENYING PRELIMINARY INJUNCTION

This cause comes before the court on the motion [13] of the plaintiff, Ryan Thacker, for a preliminary injunction.

Since the last hearing for a preliminary injunction in this matter the defendant, Tishomingo County School District, rejected Thacker's application for transfer. In so doing the Board found it was in Thacker's best interest to remain in the Prentiss County School System.

The standard for issuing a preliminary injunction is a clear showing by the plaintiff of: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that may result from an injunction; and, (4) that the injunction will not undermine the interest of the public. *Hull v. Quitman County Bd. of Educ.*, 1 F.3d 1450, 1453 (5th Cir. 1993) (citing *Roho, Inc. v. Marquis*,

902 F.2d 356, 358 (5th Cir. 1990)).

The court finds it is not likely Thacker will prevail on the merits. He offered no strong proof the Board's decision was based on impermissible discrimination. Thacker can not point to another similarly situation non-disabled individual which the Board has treated differently. In contrast, the Board offered proof the decision was based on legitimate factors.

Thacker also failed to show a substantial threat of irreparable harm. The court finds Thacker could receive an education in Prentiss County. The Prentiss County School employees indicated a willingness and ability to provide an adequate education. Thacker's only argument that he can not receive an adequate education is based on events which allegedly traumatized him. Having heard the evidence presented, the court does not find sufficient facts proved to compel issuance of a preliminary injunction.

Thacker failed to show the threatened injury outweighs any harm that might result from an injunction. As the court has already stated, Thacker still has the opportunity to gain an education. The harm of enjoining the Board on the other hand would disrupt its ability to govern local schools.

Finally, interfering with the Board's ability to govern its own schools would undermine the interest of the public. It is the public that has elected the Board in order that it might effectively manage public education. Issuing an injunction would harm the Board's ability to do just that.

The court makes no final determination as to the merits of this case, though the evidence presented counsels against issuance of a preliminary injunction.

Thacker's motion is DENIED.

This the 3rd day of April, 2009.

                                                      **/s/ MICHAEL P. MILLS**
                                                      **CHIEF JUDGE**
                                                      **UNITED STATES DISTRICT COURT**
                                                      **NORTHERN DISTRICT OF MISSISSIPPI**